**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Richard L. BEEBE, d/b/a B–B Auto
Parts, Defendant–Appellee.**

**No. 86–4141.**

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 10, 1987.

Decided Dec. 22, 1987.

Rehearing Denied Feb. 18, 1988.

Verne K. Armstrong, Asst. U.S. Atty., Toledo, Ohio, Michael L. Paup, Lead Counsel, Roger M. Olsen, Robin Greenhouse, U.S. Dept. of Justice, Tax Div., Washington, D.C., Charles E. Brookhart, Douglas G. Coulter (argued), for plaintiff-appellant.

Gerald P. Moran (argued), Gressley, Kaplin & Parker, Toledo, Ohio, Joseph A. Chmielewski, Rocky River, Ohio, for defendant-appellee.

Before ENGEL, MERRITT and NORRIS, Circuit Judges.

PER CURIAM.

The United States appeals an order of the district court awarding attorney fees to the taxpayer pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

The Internal Revenue Service issued a summons to Richard Beebe in connection with a joint civil and criminal investigation of his tax liability. When Beebe failed to fully comply, the IRS filed a petition in federal court to enforce the summons. The district court entered an order enforcing the summons on March 8, 1985.

Meanwhile, on February 28, while the petition to enforce the summons was pending, the IRS District Director sent Beebe a letter notifying him that the civil examination of his tax liability had been discontinued. Beebe filed a motion for reconsideration of the order enforcing the summons, urging that the February 28 letter showed that the IRS had abandoned any civil investigation and that the summons was being used to aid a solely criminal investigation.

The IRS opposed the motion for reconsideration and responded by sending Beebe two letters on March 27. The first letter informed Beebe that the February 28 letter was mistakenly sent "due to an administrative error," and that the civil examination was continuing. The second letter advised Beebe that the criminal investigation had been discontinued, but that it could be re-opened.

Upon reconsideration, the district court vacated its previous order enforcing the summons. The court determined that the February 28 letter terminated the civil examination, and transformed the investigation into a purely criminal one. It followed then, the court reasoned, that in using the summons to aid a purely criminal investigation, the IRS was acting in bad faith, and the summons could not be enforced under *United States v. LaSalle Nat'l Bank,* 437 U.S. 298, 318, 98 S.Ct. 2357, 2368, 57 L.Ed. 2d 221 (1978).

Having successfully resisted the petition to enforce the summons, Beebe sought an award of attorney fees under the EAJA. The district court found that the IRS, in seeking to enforce the summons after it had terminated the civil investigation, acted unreasonably and in bad faith. Therefore, the position of the IRS was not substantially justified and Beebe was entitled to $10,-144.38 in attorney fees and costs.

We review the district court's award of attorney fees for an abuse of discretion. *Trident Marine Constr. v. District Eng'r,* 766 F.2d 974, 980 (6th Cir.1985). The EAJA provides that, in a civil action brought by or against the United States, fees shall be awarded to the prevailing party other than the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The "position of the United States" refers to both the underlying government agency action which is the basis of the suit and the government's litigating position. *Id.* § 2412(d)(2)(D). Heretofore, we have construed "substantially justified" as meaning that the agency's position must have a rea-

sonable basis in law and fact. *See, e.g., Trident Marine,* 766 F.2d at 980. Whether we will continue to apply that standard or, instead, require a higher standard, is currently the subject of an *en banc* review by the court in *Riddle v. Secretary of Health & Human Serv.,* 823 F.2d 164 (6th Cir. 1987). However, we do not think it necessary to wait for the *en banc* decision because the position of the United States in this case did not satisfy even the lower standard of reasonableness.

Counsel for the IRS took the position in district court that issuance of the February 28 letter was a mistake which was corrected by the March 27 letters. However, no proof was offered that the earlier letter was, in fact, the product of mistake. No explanation was tendered of what the IRS meant by "administrative error" or how the letter could have been "mistakenly sent" under IRS procedures. There was no basis upon which the district court could conclude that a mistake had occurred; there was only the unsupported assertion of the government in its memoranda of law. In the absence of any evidence or explanation tending to show administrative error and mistake, the district court was warranted in rejecting the IRS's disingenuous argument. Accordingly, the district court did not abuse its discretion in finding that the position of the United States was not substantially justified and in awarding attorney fees to the taxpayer.

The IRS's argument, that the district court improperly awarded fees incurred during periods when the position of the United States was reasonable, is waived since it was not adequately raised below; it was first called to our attention in the government's reply brief.

The order of the district court is affirmed.