RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0121P (6th Cir.)
File Name: 03a0121p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

SCOTTY'S CONTRACTING AND
STONE, INC.,
     *Plaintiff-Appellant,*

     *v.*

UNITED STATES OF AMERICA,
     *Defendant-Appellee.*

No. 01-6587

Appeal from the United States District Court
for the Western District of Kentucky at Bowling Green.
No. 01-00118—Joseph H. McKinley, Jr., District Judge.

Argued: March 14, 2003

Decided and Filed: April 24, 2003

Before: MOORE and GIBBONS, Circuit Judges; COHN,
Senior District Judge.*

---

\* The Honorable Avern Cohn, United States Senior District Judge for the Eastern District of Michigan, sitting by designation.

---

## COUNSEL

**ARGUED:** Robert C. Webb, FROST, BROWN, TODD LLC, Louisville, Kentucky, for Appellant. Judith A. Hagley, DEPARTMENT OF JUSTICE, TAX DIVISION, Washington, D.C., for Appellee. **ON BRIEF:** Robert C. Webb, Theresa A. Canaday, FROST, BROWN, TODD LLC, Louisville, Kentucky, for Appellant. Judith A. Hagley, Frank P. Cihlar, DEPARTMENT OF JUSTICE, TAX DIVISION, Washington, D.C., for Appellee.

---

## OPINION

---

JULIA SMITH GIBBONS, Circuit Judge. The appellant, Scotty's Contracting & Stone Company (Scotty's), filed this action seeking to quash two third-party summonses issued by the Internal Revenue Service to Scotty's accountants. The district court denied Scotty's petition to quash and granted the government's motion for summary enforcement of the summonses. Scotty's appeals. For the following reasons, we affirm.

In 1998, the IRS initiated an investigation into the federal tax liabilities of James Scott for the years 1994, 1995 and 1996. Scott, a resident of Kentucky, is the owner and operator of appellant Scotty's. On June 12, 2001, Douglas McEwen, a Special Agent with the IRS Criminal Investigation Division, issued summonses to Richard Callahan and Kent Kirby, who were accountants for both Scott and Scotty's during the relevant years. According to his declaration, Agent McEwen issued these summonses in furtherance of his investigation "to determine whether James D. Scott has unreported federal income tax liabilities for the 1994 through 1996 tax years, and whether James D. Scott has committed any offense under the internal revenue laws."

Among other things, the summonses requested testimony regarding Scotty's tax records.

On July 2, 2001, Scotty's filed this action seeking to quash the summonses. In response, the government moved for summary enforcement of the summonses. Scotty's contended that the IRS issued the summonses in bad faith because the IRS issued them for the sole purpose of a criminal investigation. Furthermore, Scotty's argued that enforcement of the summonses would violate Kentucky's accountant-client privilege.

The district court denied Scotty's petition to quash and granted the government's motion for summary enforcement. Although it found that this court had not yet decided the issue, the district court relied upon opinions from other circuits in concluding that the IRS may properly issue summonses for the sole purpose of a criminal investigation. In addition, the district court found that Kentucky's accountant-client privilege does not prevent enforcement of validly issued summonses.

This appeal presents a novel legal issue for this court: Whether the IRS may validly issue a summons pursuant to 26 U.S.C. § 7602, as amended in 1982, for the sole purpose of a criminal investigation. Before addressing this question of statutory interpretation, however, we must confront two preliminary arguments made by the government.

First, in an argument not raised below, the government asserts that Scotty's does not have standing to challenge the summonses on the basis that they were issued for the sole purpose of a criminal investigation because Scott, not Scotty's, was the subject of the criminal investigation. While issues of standing, which are jurisdictional in nature, may be considered for the first time on appeal, *United States v. Van*, 931 F.2d 384, 387 (6th Cir. 1991), the government's argument nevertheless fails. Under 26 U.S.C. § 7609(b)(2)(A), any entity that is entitled to notice of a

summons has the right to bring a proceeding to quash the summons. Under 26 U.S.C. § 7609(a)(1), Scotty's was entitled to notice of the summonses at issue because the summonses requested testimony relating to Scotty's records. Moreover, Scotty's is not asserting a right personal to Scott when it claims that the IRS exceeded its authority under 26 U.S.C. § 7602 by issuing the subject summonses, and the two cases cited by the government on this issue do not hold otherwise. *United States v. Equitable Trust Co.*, 611 F.2d 492, 495 (4th Cir. 1979) (holding that one cannot assert someone else's Fifth Amendment rights under 26 U.S.C. § 7609); *Wright v. United States*, 964 F. Supp. 336, 338 (M.D. Fla. 1997) (holding that one cannot assert "issues that are of meaningful concern only to the third-party recordkeeper because they involve its burden to produce information").

The second preliminary argument asserted by the government is that the subject summonses are valid no matter how the statutory-interpretation question is resolved because the summonses were issued for civil, as well as criminal, investigatory purposes. The district court, however, did not reach this factual question and instead held that the IRS may issue summonses for purely criminal investigatory purposes under § 7602. We decline the government's invitation to make initial findings of fact regarding whether the summonses were issued for partly civil investigatory purposes. We instead review the district court's legal determination that under § 7602, as amended in 1982, the IRS may validly issue summonses solely for criminal investigatory purposes.

In 1978, the Supreme Court decided that the IRS may not validly issue a summons pursuant to § 7602 for the sole purpose of a criminal investigation, even if the criminal investigation has not yet been referred to the Department of Justice for prosecution. *United States v. LaSalle Nat'l Bank*, 437 U.S. 298, 317 (1978). The Court examined the text of § 7602 as it existed in 1978 and found that Congress had

explicitly limited the purposes for which the IRS had the authority to issue summonses. The Court stated:

> In § 7602 Congress has bestowed upon the Service the authority to summon production for four purposes only: for "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax . . . or collecting any such liability." Congress therefore intended the summons authority to be used to aid the determination and collection of taxes. These purposes do not include the goal of filing criminal charges against citizens. Consequently, summons authority does not exist to aid criminal investigations solely.

*Id.* at 317 n.18. Justice Stewart, joined by three other justices, dissented in *LaSalle National Bank*, concluding that under § 7602 the IRS could validly issue summonses solely for the purpose of a criminal investigation, so long as the investigation had not been referred to the Department of Justice for criminal prosecution. *Id.* at 319-21.

In 1982, Congress amended § 7602 in two ways significant to this appeal. First, Congress added a fifth purpose for which the IRS could issue summonses. The statute now provides that the IRS may issue summonses for "the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws." 26 U.S.C. § 7602(b). Second, Congress explicitly dictated when the IRS's summonsing authority ends: when the IRS refers a criminal investigation to the Department of Justice. 26 U.S.C. § 7602(d)(1) ("No summons may be issued under this title . . . with respect to any person if a Justice Department referral is in effect with respect to such person."). The statute defines the point at which "[a] Justice Department referral is in effect" as the time when the IRS "recommend[s] to the Attorney General a grand jury investigation of, or the criminal prosecution of, such person" or when "any request is made under section 6103(h)(3)(B) for the disclosure of any return

or return information . . . relating to such person." 26 U.S.C. § 7602(d)(2).

Because § 7602 now grants the IRS the authority to issue summonses for the purpose of investigating "any offense" relating to the tax code, we conclude that the IRS may validly issue summonses for the purpose of investigating a criminal offense, even if that is the sole purpose for the summonses. According to the plain language of the statute, the IRS's authority to issue summonses for the purpose of investigating any offense relating to the tax code is extinguished only when the investigation is referred to the Department of Justice. The statute does not say that the IRS may issue summonses for the purpose of investigating any offense, unless the sole purpose is to investigate a criminal offense. *Cf. United States v. Arthur Young & Co.*, 465 U.S. 805, 817 (1984) ("If the broad latitude granted to the IRS by § 7602 is to be circumscribed, that is a choice for Congress, and not this Court, to make.").

In reaching this conclusion, we join several other circuits. The Second, Third, Eighth, Tenth, and Eleventh Circuits have all concluded that the IRS may validly issue a summons pursuant to 26 U.S.C. § 7602, as amended in 1982, for the sole purpose of a criminal investigation. *United States v. Millman*, 822 F.2d 305, 308 (2d Cir. 1987) (relying on the language of § 7602, as amended, without further analysis); *Pickel v. United States*, 746 F.2d 176, 183-84 (3d Cir. 1984) (relying on legislative history to conclude that Congress, by amending § 7602 in 1982, intended to codify the position of the dissenters in *LaSalle National Bank*); *United States v. G & G Adver. Co.*, 762 F.2d 632, 634 n. 1 (8th Cir. 1985) ("The requirement that the summons not issue for a solely criminal investigation, *LaSalle*, 437 U.S. at 313-17, 98 S.Ct. at 2365-68, has been negated by the 1982 amendment to § 7602(b) which allows inquiry into 'any offense,' so long as the case has not been turned over to the Justice Department."); *United States v. Schmidt*, 816 F.2d 1477, 1481 n. 4 (10th Cir. 1987) (relying on legislative history); *La Mura v. United States*, 765 F.2d 974, 980 n. 9 (11th Cir. 1985) (relying on legislative

history to conclude that Congress amended § 7602 in 1982 because the rule announced in *LaSalle National Bank* "spawned protracted litigation and frustrated the summary nature of enforcement proceedings").

Scotty's, however, contends that the opposite conclusion is supported by Supreme Court precedent. Scotty's cites *United States v. Stuart*, 489 U.S. 353, 370 (1989), in which the Supreme Court held that § 7602 does not prevent the IRS from issuing summonses pursuant to a treaty with Canada for the purpose of investigating criminal violations of Canadian tax law. Before reaching this holding, the Court discussed *LaSalle National Bank's* holding "that the IRS may not issue a summons once it has recommended prosecution to the Justice Department, nor may it circumvent this requirement by delaying such a recommendation in order to gather additional information." *Id.* at 362-63. The Court in *Stuart* then stated in *dicta* relied upon by Scotty's that the 1982 amendment to § 7602 "codified the essence of our holding" in *LaSalle National Bank. Id.* at 363.

Although the *Stuart* Court did not explicitly clarify what it viewed as the "essence" of the holding in *LaSalle National Bank*, it is apparent that the Court was referring to the portion of the holding in *LaSalle National Bank* that the IRS may not issue a summons once it has recommended prosecution to the Justice Department. Crucial to the Court's decision to uphold enforcement of the summonses at issue in *Stuart* was the Court's strict interpretation of § 7602(d), which provides that the IRS may not issue a summons once a "Justice Department referral is in effect." Because there was no Justice Department referral in effect, the Court in *Stuart* found that § 7602 did not bar enforcement of the summonses, even if the Canadian tax investigation had reached a stage analogous to a Justice Department referral. *Id.* at 362-63. The Court found "no reason to think that [§ 7602(d)] means more than it says," and the holding in *Stuart* demonstrates that the Court will not create an additional exception to the IRS's summonsing authority under § 7602. *Id.* at 364; *see also Arthur Young &*

*Co.*, 465 U.S. at 817 (holding that the Court may not circumscribe the broad authority granted the IRS by § 7602). In any event, the holding in *Stuart* is not contrary to, and is in fact consistent with, our conclusion that the IRS may validly issue summonses for the purpose of investigating criminal offenses, even if that is the sole purpose, so long as there is no Justice Department referral in effect.

Scotty's also relies upon two previous Sixth Circuit opinions in support of its position. Neither of these opinions, however, addresses the issue on appeal here. In *United States v. Beebe*, 835 F.2d 670 (6th Cir. 1987), this court affirmed a district court's finding that the IRS acted in bad faith by issuing a summons to aid a purely criminal investigation. The *Beebe* court, however, simply cited *LaSalle National Bank* without discussing the 1982 amendment to § 7602. *Id.* at 671. Nothing in the *Beebe* opinion suggests that the court was presented with the issue of interpreting § 7602, as amended in 1982. Rather, by citing *LaSalle National Bank* without mentioning the 1982 amendment to § 7602, the *Beebe* court was apparently applying § 7602 as it existed before 1982.[1] In any event, the *Beebe* opinion does not offer any guidance in

---

[1]While the *Beebe* court was not explicit regarding which version of § 7602 it was applying, the government's brief in the *Beebe* case confirms that the court was applying § 7602 as it existed before 1982. As addendum C to its brief in the present case, the government submitted a copy of a page of its brief in the *Beebe* case. This excerpt makes clear that in the *Beebe* case the government conceded that the 1982 amendment to § 7602 was not applicable because the summons in *Beebe* was issued prior to the effective date of the 1982 amendment. We take judicial notice of this page of a brief submitted as part of the proceedings in a different case. *See Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999) (taking judicial notice of briefs that have been filed with a court of record). Scotty's correctly asserts that judicial notice of a fact is generally only appropriate when there is no dispute regarding the fact. *See, e.g., Ilhardt v. Sara Lee Corp.*, 118 F.3d 1151, 1157 (7th Cir. 1997). Scotty's, however, does not dispute the relevant fact that the government submitted this page of its brief in the *Beebe* case and, thereby, conceded that the 1982 amendment to § 7602 was not applicable.

this appeal because the *Beebe* court did not discuss or decide the issue of how to interpret the 1982 amendment to § 7602.

In the unpublished decision *United States v. Ahee*, No. 99-1991, 2001 WL 180969 (6th Cir. Feb. 15, 2001), this court rejected a taxpayer's argument that the IRS had issued a summons in violation of § 7602. Scotty's relies upon *dicta* in the *Ahee* case in which the court restated the holding of *LaSalle National Bank* without noting the 1982 amendment to § 7602. *Id.* at *7. The *Ahee* court nevertheless found that the summonses issued by the IRS were valid because, among other things, they were issued before the matter was referred to the Department of Justice. *Id.* Because the *Ahee* court did not address the issue of interpretation of the 1982 amendment to § 7602, *Ahee* does not offer any guidance in this appeal.

Scotty's also cites decisions from the First, Fourth, Fifth, Seventh, and Ninth Circuits in support of its position. The decisions cited by Scotty's from the First, Fifth, and Ninth Circuits all simply restate in *dicta* the holding of *LaSalle National Bank* without discussing the 1982 amendment to § 7602. *United States v. Lawn Builders of New England, Inc.*, 856 F.2d 388, 391-92 (1st Cir. 1988); *Mazurek v. United States*, 271 F.3d 226, 231 (5th Cir. 2001); *United States v. Jose*, 131 F.3d 1325, 1328 (9th Cir. 1997). Therefore, none of these opinions offer any guidance regarding the proper interpretation of the 1982 amendment to § 7602. The decision cited by Scotty's from the Fourth Circuit addresses in a footnote the 1982 amendment to § 7602 and cites the Supreme Court's decision in *Stuart* for the proposition that the IRS may not issue a summons for the sole purpose of a criminal investigation. *Hintze v. Internal Revenue Serv.*, 879 F.2d 121, 127 n.8 (4th Cir. 1989) *overruled on other grounds*, *Church of Scientology v. United States*, 506 U.S. 9, 15 n.8 (1992). This footnote, however, is *dicta* and, in our opinion, misstates the holding of *Stuart*.

The decision cited by Scotty's from the Seventh Circuit states in a footnote that the IRS may not use its summonsing

authority for the sole purpose of a criminal investigation, but the only authority cited for this proposition is an earlier Seventh Circuit case, which expressly declines to resolve the issue of how the 1982 amendment to § 7602 affects the holding in *LaSalle National Bank*. *United States v. Berg*, 20 F.3d 304, 309 n.6 (7th Cir. 1994) (citing *United States v. Michaud*, 907 F.2d 750, 754 (7th Cir. 1990)). In *Michaud*, the Seventh Circuit sitting *en banc* recognized the "debate" regarding whether the IRS may validly issue a summons for a solely criminal purpose under § 7602, as amended in 1982, but the court's majority expressly declined to resolve the debate. *Michaud*, 907 F.2d at 752 n.2. Seventh Circuit Judge Coffey authored a concurring opinion in *Michaud* in which he alone expressed the view that the holding in *LaSalle National Bank* was unaffected by the 1982 amendment to § 7602. *Id.* at 755-56. In his dissent joined by three other Seventh Circuit judges, Judge Posner offered a more persuasive analysis of the issue and determined that the plain language of § 7602 makes clear that the IRS may issue a summons to investigate any offense, even a solely criminal offense, with the only exception being if the investigation has been referred to the Justice Department. *Id.* at 755-57.

In sum, the plain language of § 7602, as amended in 1982, makes clear that the IRS has the authority to issue summonses for the purpose of investigating "any offense" relating to the tax code, so long as the investigation has not been referred to the Department of Justice. The statute does not contain an exception for investigating purely criminal offenses, and we decline to create such an exception to the statute's express grant of authority.

As an alternative argument, Scotty's claims that Kentucky's accountant-client privilege, codified at K.R.S. § 325.440, protects the information sought by the IRS in the subject summonses. The Supreme Court, however, has held that the IRS's summonsing authority under § 7602 is not limited by any state law accountant-client privilege. *Arthur Young & Co.*, 465 U.S. at 817. Moreover, as the district court held,

Kentucky's accountant-client privilege statute has an applicable exception for a "validly issued . . . summons enforceable by order of a court." K.R.S. § 325.440(2)(b). For both of these reasons, Scotty's alternative argument is unavailing.

Scotty's suggests that *Arthur Young & Co.* may no longer be good law in light of the 1998 codification of 26 U.S.C. § 7525, which creates a limited federal accountant-client privilege. The privilege established under § 7525, however, is narrow and does not purport to federalize Kentucky's or any other state's accountant-client privilege. Therefore, § 7525 does not affect the holding in *Arthur Young & Co.* that state-created privileges do not limit the IRS's summonsing authority. Significantly, Scotty's has not asserted that the limited federal accountant-client privilege defined by 26 U.S.C. § 7525 protects the information sought by the IRS in the subject summonses.

For all the foregoing reasons, we affirm the judgment of the district court.