Gwendolyn HILL; Gary Morgan, Plaintiffs–Appellants,

v.

Peter F. LANGER; Georgia Sparks– Langer, Individually and as Owners of Real Property 27 S. Summit, Ypsilanti, Michigan, Defendants–Appellees.

No. 02–1852.

United States Court of Appeals, Sixth Circuit.

Jan. 26, 2004.

Douglas Spicer, Ypsilanti, MI, Plaintiffs–Appellants.

James T. Burkel, Dykema Gossett, Allen J. Philbrick, Conlin, McKenney & Philbrick, Ann Arbor, MI, for Defendants–Appellees.

Before BOGGS, Chief Judge, BATCHELDER and SUTTON, Circuit Judges.

BATCHELDER, Circuit Judge.

Gwendolyn Hill and Gary Morgan appeal the judgment of the district court dismissing their 42 U.S.C. § 1983 action against their private landlords. Peter and Georgia Sparks–Langer ("Langers"). Because the district court correctly concluded that Appellants failed to establish the state action necessary to sustain an action under § 1983, we affirm the judgment.

## I.

In mid–1999, the Langers purchased an apartment building in which Gwendolyn Hill was a tenant. Gary Morgan, although not a signatory to the lease agreement, was listed in the lease as a member of Hill's household. We will refer to Hill and Morgan collectively throughout this opinion as "Hill." When Hill became delinquent in her rent payments, the Langers brought suit in state court for non-payment of rent. At trial on April 3, 2000. Judge Tabbey found that the Langers were owed $800.00, which Hill would have to pay by April 14, 2000. or the court would issue a writ of restitution restoring possession of Hill's apartment unit to the Langers. The $800.00 total reflected a deduction of $160 for two $80 dollar payments that were made by Hill to the Langers in January and February of 2000. However, Mr. Langer claims to have been confused as to whether the $160.00 pre-total deduction referred to these prior payments, or to $160.00 which Hill placed in escrow pursuant to a pre-trial order. Mr. Langer collected the $160.00 from the escrow account maintained by the county clerk on April 3, 2000 following the trial. On April 4, 2000, the court issued a Possession Judgment, stating that a Writ of Restitution would be issued if $800.00 were not paid by April 13, 2000. The Judgment expressly stated that partial payment "will not prevent a writ of restitution from being issued."

On April 13, 2000. Hill sent the Langers a money order in the amount of $640.00 via certified mail. She did not contact the Langers directly to confirm that they were satisfied with the payment tendered. On April 17, 2000, the Langers

filed an application for a Writ of Restitution, stating that the "judgment was for $800.00, only $640.00 received." Judge Tabbey issued the writ the same day without a hearing. The Washtenaw County Sheriff Department posted the writ on the apartment on April 17, 2000. Hill states that neither she. nor co-Appellant Morgan, nor the property's maintenance man saw the notice, and hypothesizes that "someone took it down."

On April 25, 2000, Hill returned to her apartment to discover that she had been evicted, and that her personal property had been set out on the lawn. Hill moved for an Order of Satisfaction, and following a hearing on the motion, Judge Tabbey entered a Satisfaction of Judgment.

Hill then filed the instant action against the Langers in the United States District Court. Hill's complaint raised one § 1983 claim, and seven pendent state claims. Following discovery, the Langers filed a Motion for Summary Judgment, asking the district court to dismiss Hill's complaint either pursuant to Fed.R.Civ.P. 56 or 12(b)(6). The district court dismissed the § 1983 claim because the granting of an ex-parte Writ of Restitution did not constitute state action. Having dismissed the only federal claim, the court then dismissed the entire complaint without prejudice. This timely appeal, challenging only the dismissal of the § 1983 claim, followed.

## II.

We review de novo the district court's grant of summary judgment. *Pinney Dock & Transp. Corp. v. Penn Cent. Corp.,* 838 F.2d 1445, 1472 (6th Cir.1988). Summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).

In order to succeed on a claim under § 1983, a plaintiff must prove that the defendant, acting "under color of law." has deprived him of a right secured by the Constitution and laws of the United States. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 150, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). In an attempt to meet this burden against her private landlord, Hill relies predominantly on the Supreme Court's opinion in *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). In *Lugar,* the Supreme Court sustained a § 1983 action against a private creditor who obtained a prejudgment attachment against the debtor by means of a Virginia law which permitted pre-hearing attachment upon ex parte motion. *Id.* at 925–26. *Lugar* recognized that the Court has required that "the conduct allegedly causing the deprivation of a federal right be fairly attributable to the State." *Id.* at 937. Whether that conduct is in fact fairly attributable to the State, the Court said, comprises two questions:

> First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible.... Second, the party charged with the deprivation must be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.

*Id.* at 937. The Court went on to note that these two inquiries are entirely separate when the § 1983 claim is directed against a private party, that is. one who is not clothed with the apparent authority of the State. Extending its previous decision in *Flagg Brothers, Inc. v. Brooks,* 436 U.S. 149, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978), the Court reiterated that a private party's

mere reliance on a state statute is not sufficient to convert that private party into a state actor for purposes of a § 1983 action, and that "something more" is necessary. *Lugar*, 457 U.S. at 939. In the prejudgment attachment context–and *only* in that context–the Court said, still referring to *Flagg Brothers, Inc.*, whether there is "something more" is subject to a "joint action test." *Lugar*, 457 U.S. at 939. The Court then examined Lugar's specific claims. The Court concluded that Lugar's claim of deprivation of property as a result of Edmondson Oil Company's "invok[ing] the statute without the grounds to do so could in no way be attributed to a state rule or a state decision .... [and] therefore, does not state a cause of action under § 1983 but challenges only private action." *Id.* at 940. The Court held, however, that Lugar's claim which attacked the state statute itself might properly be addressed because

> [w]hile private misuse of a state statute does not describe conduct that can be attributed to the State, the procedural scheme created by the statute obviously is the product of state action. This is subject to constitutional restraints and properly may be addressed in a § 1983 action, if the second element of the state-action requirement is met as well.

*Id.* at 941. The Court concluded that because "a private party's joint participation with state officials in the seizure of disputed property is sufficient to characterize that party as a 'state actor' for purposes of the Fourteenth Amendment," *id.* at 941, a private party's invoking the aid of state officials to utilize state-created prejudgment attachment procedures constituted joint action. But the Court twice limited this holding to the prejudgment attachment context: "The holding today, as the above analysis makes clear, is limited to the particular context of prejudgment attachment," *see id.* at 939 n. 21; "Whatever

may be true in other contexts, [invoking the aid of state officials to take advantage of state-created prejudgment attachment procedures] is sufficient when the State has created a system whereby state officials will attach property on the *ex parte* application of one party to a private dispute." *Id.* at 942.

Attempting to apply *Lugar* to her complaint. Hill argues that provisions of the Michigan law governing eviction as of April.2000. were inconsistent with the requirements of due process, and that, like the creditor in *Lugar*, the Langers acted jointly with the state in seeking an ex parte judgment pursuant to the Michigan scheme. In particular. Hill takes issue with Mich. Ct. R. 4.201(L). which provides:

> (L) Writ of Restitution ...
>
> (4) *Acceptance of Partial Payment.* A writ of restitution may not be issued if any part of the amount due under the judgment has been paid, unless
>
>> (a) a hearing is held after the defendant has been given notice and an opportunity to appear, or
>>
>> (b) the judgment provides that acceptance of partial payment of the amount due under the judgment will not prevent issuance of a writ of restitution.

MCR 4.201(L)(4) (2000). The Michigan Court Rules also specify that a "judgment may provide that acceptance of partial payment of an amount due under the judgment will not prevent issuance of a writ of restitution." MCR 4.201(K)(3).

But the situation in this case is not comparable to that in *Lugar*. Here, following the initial hearing, Judge Tabbey issued a Possession Judgment which, pursuant to MCR 4.201(K)(3) & (L)(4). did not require a second hearing prior to the issuance of a writ of restitution, if full payment was not made. When the Langers

submitted their ex parte application to the court for writ of restitution, the court approved the writ. However, unlike a prejudgment attachment, this ex parte application followed a hearing and a Possession Judgment, from which Hill was given opportunity to appeal. This was not a prejudgment attachment. As the Court explicitly held in *Lugar*, the joint action test enunciated in that case for purposes of § 1983 "is limited to the particular context of prejudgment attachment." *Lugar*, 457 U.S. at 939 n. 21. At best, Hill complains of a private misuse of a statute, which *Lugar* explicitly holds does not describe conduct attributable to the state. *Id.* at 940.

Because the ex parte motion of which Hill complains did not result in a prejudgment attachment, the action complained of falls outside the scope of *Lugar*. There is clear precedent in this circuit for the proposition that filing an eviction proceeding is not, in and of itself, a state action. *Fallis v. Dunbar*, 532 F.2d 1061 (6th Cir.1976); *Fallis v. Dunbar*, 386 F.Supp. 1117 (N.D.Ohio 1974). This court recognizes that the "joint action" theory adopted in *Lugar* is an exception limited to prejudgment attachments, and we reject Hill's invitation to expand this exception beyond those narrow limits. Therefore, because Hill has not demonstrated any basis sufficient to convert the Langers into state actors, she has failed to demonstrate the state action necessary to sustain a § 1983 action, and the district court's judgment must be affirmed. We note, however, that the order dismissing the § 1983 action is in fact a dismissal on the merits, and to the extent that the district court appears to have dismissed it without prejudice, the court erred.

## CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court, but remand with instructions that the court dismiss the § 1983 action with prejudice.