NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0801n.06

No. 09-3354

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Nov 30, 2011*

LEONARD GREEN, Clerk

DARRYL HINES,                               )
                                            )
     Plaintiff-Appellant,                   )    ON APPEAL FROM THE UNITED
                                            )    STATES DISTRICT COURT FOR
v.                                          )    THE  NORTHERN DISTRICT OF
                                            )    OHIO
BARBARA A. LANGHENRY, et al.,               )
                                            )
     Defendants-Appellees.                  )

BEFORE:    ROGERS, COOK, and McKEAGUE, Circuit Judges.

**McKEAGUE, Circuit Judge.** Plaintiff Darryl Hines appeals from the district court's grant of summary judgment to Defendants on Plaintiff's claims that Defendants unlawfully interfered with his ability to recover attorney fees from his former clients. Because we determine that summary judgment on the tortious interference claims was proper, and because Plaintiff's remaining claims lack merit, we **AFFIRM**.

Plaintiff-Appellant Darryl Hines was employed as an attorney in the City of Cleveland's Labor and Employment Section. After leaving that position, he initiated a Fair Labor Standards Act (FLSA) claim against the City on behalf of several city employees. Hines voluntarily dismissed the action after the Magistrate Judge recommended that he be disqualified for a conflict of interest. A successor attorney refiled the action and then entered into a settlement agreement that specifically

precluded Hines from receiving any proceeds from the settlement. Paragraph 10 of the settlement

agreement provided:

> The Parties agree that Attorney Darryl Hines, former attorney for the Plaintiffs and former Chief Assistant Director of Law for Labor and Employment for the City, shall not share, directly or indirectly, in any of the monies the City pays under this Agreement.

Hines sued the successor attorney and her firm (the "Tyson Defendants") and officials of the City

of Cleveland (the "City Defendants") on eleven claims arising out of the Defendants' agreement to

prevent him from recovering his attorney fees from the settlement proceeds. The district court

dismissed the federal claims against the Tyson Defendants, remanded the state law claims against

the Tyson Defendants to the Cuyahoga County Court, and entered summary judgment for the City

Defendants on all remaining claims.

On appeal, Hines claims that the district court improperly granted the City Defendants'

motion for summary judgment and improperly dismissed his civil conspiracy and § 1983 claims

against the Tyson Defendants.

**A. Tortious Interference Claims**

We review a district court's grant of summary judgment de novo. *Himes v. United States*,

645 F.3d 771, 776 (6th Cir. 2011) (citing *Valentine–Johnson v. Roche*, 386 F.3d 800, 807 (6th Cir.

2004)). We may affirm on any ground supported by the record, even on grounds that are different

from those considered or relied upon by the district court. *Wausau Underwriters Ins. Co. v. Vulcan*

*Dev't, Inc.*, 323 F.3d 396, 403-04 (6th Cir. 2003) (citing *Chao v. Hall Holding Co., Inc.*, 285 F.3d

415, 441–42 (6th Cir. 2002); *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 569 (6th Cir.2001)).

The elements of a tortious interference with a contract or business relationship claim are (1) the existence of a contract, (2) the wrongdoer's knowledge of the contract, (3) the wrongdoer's intentional procurement of the contract's breach, (4) the lack of justification, and (5) resulting damages. *See Fred Siegel Co. LPA v. Arter & Hadden*, 707 N.E.2d 853, 858 (Ohio 1999) (contract); *Franklin Tractor Sales v. New Holland N. Am., Inc.*, 106 F. App'x 342, 344 n.1 (6th Cir. 2004) (business relations). Only improper interference with a contract or business relations is actionable. "Ohio law imposes the burden of proving 'lack of privilege' or 'improper interference' on the plaintiff." *Super Sulky, Inc. v. U.S. Trotting Ass'n*, 174 F.3d 733, 742 (6th Cir. 1999). The district court determined that the City Defendants did not lack justification for barring Hines from sharing in the settlement proceeds in light of Hines's violation of two disciplinary rules that govern the practice of law, specifically, the conflict-of-interest rule (DR 1-102) and the fee-splitting rule (DR 2-107) under the Code of Professional Responsibility.[1]

On appeal, Hines contends that the district court's consideration of disciplinary rule violations is inconsistent with the Ohio Supreme Court's exclusive authority to discipline. This contention lacks merit. Although the power to determine violations of the Disciplinary Rules is reserved to the Ohio Supreme Court, the Ohio Supreme Court has explicitly recognized that the

---

[1] Effective February 1, 2007, the Ohio Rules of Professional Conduct superseded the Code of Professional Responsibility.

standards incorporated in disciplinary rules are relevant to analyzing the propriety of an attorney's conduct in a tortious interference with contract claim. *Fred Siegel*, 707 N.E.2d at 860. The district court's consideration of Hines's violation of the disciplinary rules was not inconsistent with the Ohio Supreme Court's exclusive authority to discipline.

Even if consideration of disciplinary rule violations in the context of tortious interference claims is proper as a general rule, Hines contends that in this case the district court's reliance on his alleged violation of DR 2-107 violated his right to due process because Defendants had not raised an alleged violation of DR 2-107 in their motion for summary judgment and Hines was never given an opportunity to address the issue. Hines also contends that the district court erred in its justification analysis because it failed to apply each of the factors outlined in *Fred Siegel*.

We need not rule on the merits of either of these challenges. Because our review of the summary judgment is de novo, we can apply the *Fred Siegel* factors that Hines complains the district court failed to apply, and we will do so without consideration of the alleged DR 2-107 violation.

In determining whether the City Defendants acted improperly in intentionally interfering with Hines's contract or business relations under Ohio law, we consider the following factors :

> (a) the nature of the actor's conduct, (b) the actor's motive, (c) the interests of the other with which the actor's conduct interferes, (d) the interests sought to be advanced by the actor, (e) the social interests in protecting the freedom of action of the actor and the contractual interests of the other, (f) the proximity or remoteness of the actor's conduct to the interference, and (g) the relations between the parties.

*Fred Siegel*, 707 N.E.2d at 860 (citing Restatement (Second) of Torts § 767).

The conduct that Hines contends lacked justification was the City Defendants' settlement of the FLSA action in such a manner as to preclude Hines from participating in the settlement proceeds.

The City Defendants' motive for inserting the disputed provision into the settlement agreement was to prevent Hines from profiting from his undisputed conflict of interest in representing city employees against the City regarding an FLSA matter that fell within the scope of Hines's responsibilities as Chief Assistant Director of Law in the City's Labor and Employment Section. Although the insertion of paragraph 10 interfered with Hines's ability to collect for legal services rendered in conjunction with the FLSA action from the FLSA settlement proceeds, it did not interfere with his ability to obtain compensation from other sources. Moreover, Hines's interest in receiving compensation for his legal services is of minimal value because Hines's representation of the city employees in the FLSA action violated the conflict-of-interest rule, and Ohio courts will not generally lend their support to the enforcement of a contract which violates a Disciplinary Rule. *Jacobs v. Holston*, 434 N.E.2d 738, 742 (Ohio App. 1980). The social interest in protecting clients against unethical conduct by their former attorneys, as reflected in the Code of Professional Conduct and DR 1-102, outweighs the conflicted attorney's interest in being compensated for work performed under a conflict of interest. Finally, the relationship between the parties works in the City's favor because the City, as Hines's former client, and as the victim of Hines's unethical representation, had a particular interest in ensuring that Hines was not compensated for his unethical representation from the City's own settlement payment.

Upon de novo review, we conclude that application of the *Fred Siegel* factors to the facts of this case would not permit a jury to conclude that the City Defendants' lacked justification for their conduct. We conclude that the City Defendants were entitled to judgment as a matter of law on Hines's tortious interference claims. Because our conclusion is not based on consideration of DR

2-107, we need not address Hines's due process challenge to the district court's *sua sponte* reliance on DR 2-107.

### B. Civil Conspiracy and § 1983 Claims Against the Tyson Defendants

Hines contends that the district court erred by dismissing his claims for civil conspiracy and violations of 42 U.S.C. § 1983 against the Tyson Defendants. Hines contends that the Tyson Defendants were state actors when they participated with the City to deprive him of his due process and property rights.

We review the district court's dismissal of the complaint for failure to state a claim and for lack of subject matter jurisdiction *de novo*. *See Charvat v. NMP, LLC*, 656 F.3d 440, 445 (6th Cir. 2011) (lack of subject matter jurisdiction); *Nat'l Air Traffic Controllers Ass'n v. Sec'y of Dep't of Transp.*, 654 F.3d 654, 657 (6th Cir. 2011) (failure to state a claim).

"A § 1983 claim must satisfy two elements: (1) the deprivation of a right secured by the Constitution or laws of the United States and (2) the deprivation was caused by a person acting under color of state law." *Boykin v. Van Buren Twp.*, 479 F.3d 444, 451 (6th Cir. 2007) (quoting *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003)). "[C]laims of conspiracies between private and state actors, if adequately alleged, generally suffice to establish state action on the part of the private actors for the purpose of deciding a motion to dismiss." *Revis v. Meldrum*, 489 F.3d 273, 292 (6th Cir. 2007); *see also Cooper v. Parrish*, 203 F.3d 937, 952 n.2 (6th Cir. 2000) ("If a private party has conspired with state officials to violate constitutional rights, then that party qualifies as a state actor and may be held liable pursuant to § 1983 . . . .").

In Count 4 Hines alleged that the Tyson Defendants and the City Defendants conspired to tortiously interfere with Hines's contract and business relationships, and to penalize him for what they perceived as unethical conduct, a role within the exclusive authority of the Ohio Supreme Court. Count 4 does not include any reference to an alleged violation of Hines's constitutional rights. Because the underlying tort that forms the basis of Hines's civil conspiracy claim against the Tyson Defendants did not involve a deprivation of a constitutional right, the district court properly remanded Hines's state law civil conspiracy claim against the Tyson Defendants to the Ohio state court.

Hines did allege the deprivation of constitutional rights in Count 3, but he did not allege a conspiracy to deprive him of those rights. He alleged that the Tyson Defendants acted "in concert with" the City Defendants to deprive him of property without due process of law in violation of the constitution. Hines contends that the Tyson Defendants were state actors by virtue of this concerted action. As the district court correctly noted, courts have declined to extend the "joint action" test articulated in *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922 (1982), outside the context of challenged prejudgment attachment or garnishment proceedings. *Revis*, 489 F.3d at 289; *see also Hill v. Langer*, 86 F. App'x 163, 167 (6th Cir. 2004) ("[T]he 'joint action' theory adopted in *Lugar* is an exception limited to prejudgment attachments, and we reject Hill's invitation to expand this exception beyond those narrow limits."). Hines's allegation that the Tyson Defendants simply acted "in concert with" the City Defendants to deprive him of his constitutional rights is not sufficient to convert the Tyson Defendants into state actors. Moreover, Hines's attempt on appeal to merge his conspiracy allegations in Count 4 with his § 1983 allegations in Count 3 is unavailing. He cannot

use his brief on appeal to cure defects in his pleadings below. Accordingly, we find no error in the district court's dismissal of the federal claim against the Tyson Defendants.

### C. Remaining Arguments

Hines's remaining arguments lack merit. Summary judgment was properly entered on Hines's § 1983 *Monell*[2] claim against the City Defendants because even if a constitutional violation is assumed, Hines did not produce evidence of an unconstitutional policy, custom, or practice that would support § 1983 liability. See *Arendale v. City of Memphis,* 519 F.3d 587, 601 (6th Cir. 2008) ("[C]onclusory statements are not sufficient to survive *any* motion for summary judgment, much less to allow a municipality to be held liable for the acts of its employees."). Insofar as Hines contends that the district court improperly took judicial notice of adjudicative facts, the issue lacks merit because courts may take judicial notice of filings in related proceedings. *See Scotty's Contracting & Stone, Inc. v. United States*, 326 F.3d 785, 789 n.1 (6th Cir. 2003) (taking judicial notice of filings in related proceedings). Hines's public policy claim fails for the same reasons as his tortious interference claims. Finally, because we find no unsettled issues of state law, Hines's motion to certify questions of state law to the Ohio Supreme Court is denied. *See Pennington v. State Farm Mut. Auto. Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009).

For these reasons, we **AFFIRM** the district court's grant of summary judgment and **DENY** Appellant's motion to certify questions of state law to the Ohio Supreme Court.

---

[2]*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).