**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0976n.06

No. 12-3808

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

CHARLES BYRNE and CODY BYRNE,

    Plaintiffs-Appellants,

       v.

CSX TRANSPORTATION, INC., GERALD R.
HORN, JOHN DOES 2-10, and
ALPHONSE DUCRE, III.,

    Defendants-Appellees.

_____/

> **FILED**
> Nov 13, 2013
> DEBORAH S. HUNT, Clerk

On Appeal from the United States
District Court for the Northern District
of Ohio

OPINION

**Before:**      **GIBBONS and STRANCH, Circuit Judges; HOOD, District Judge.**[*]

    **DENISE PAGE HOOD, District Judge**. Plaintiffs Charles Byrne, Cody Byrne, and Joann

Byrne appeal the grant of a motion for summary judgment in favor of Defendants CSX

Transportation, Inc., Gerald R. Horn, and Alphonse Ducre, III. The district court found that the

Byrne's inadequate warning claim was federally preempted. On appeal, Plaintiffs argue that

Defendants failed to place any evidence on the record that would support the district court's finding.

For the reasons stated below, we **REVERSE** the district court's grant of summary judgment on the

issue of federal preemption and **REMAND** the case back to the district court to consider the issue

of federal preemption in light of the evidence properly placed on the record.

---

    [*]The Honorable Denise Page Hood, United States District Judge for the Eastern District of
Michigan, sitting by designation.

**I.**

This matter arises from the unfortunate collision of a car and a train. On the morning of May 19, 2008, Charles Byrne was traveling westbound on Ulsh Road with his son Cody Byrne. A railroad crosses Ulsh Road at a 20 degree angle. When crossing the tracks, a train struck Charles Byrne's car on the rear end of the passenger side and flipped it over. The passenger, Cody Byrne sustained minor injuries. Charles Byrne, however, suffered permanent disabling injuries. Gerald R. Horn and Alphonse Ducre, III were the engineer and conductor, respectively, of the train at the time of the collision.

Charles Byrne, Cody Byrne, and Joan Byrne filed this matter against CSX Transportation, Inc., Gerald R. Horn, and Alphonso Ducre, III in the Court of Common Pleas in Marion County, Ohio in March 2009, seeking damages for injuries caused by the May 19, 2008 collision. Defendants removed the action to the Northern District of Ohio on the basis of diversity jurisdiction.

On September 13, 2010, Defendants filed a motion for summary judgment, arguing in relevant part that Plaintiffs' inadequate warning claim was preempted because the railroad was upgraded or improved using federal funds. In support of the proposition that federal funds were used on the railroad, Defendants cited the "Kirkland Affidavit." The Kirkland Affidavit, however, is missing from the record; Defendants admittedly never filed it. In their response to Defendants' motion for summary judgment, Plaintiffs acknowledged that "[a]ssuming that the railroad proves that the Ulsh Rd. crossing was installed using federal funds, Plaintiff[s] understand[] that in general the concept of conflict preemption will preclude a party as a matter of law from arguing that the warning devices at a crossing are inadequate." In their reply, Defendants note that "Plaintiffs do not

dispute that the warning devices at Ulsh Road were federally funded and grudgingly acknowledge that the installation of federally funded warning devices preempt Plaintiffs' claims as they relate to the adequacy of the warning devices."

On April 26, 2011, the district court issued a memorandum opinion granting in part and denying in part Defendants' motion for summary judgment. The district court granted summary judgment in favor of Defendants, finding that it was undisputed that Plaintiffs' inadequate warning claims were preempted by federal law and did not fall within an exception. The district court dismissed Plaintiffs' adequate warning and related punitive damages claims. The matter proceeded to trial on the remaining issues and the district court entered judgment as a matter of law in favor of Defendants on May 31, 2012. This appeal followed.

**II.**

The Court "reviews a grant of summary judgment *de novo* and considers the facts and any inferences drawn from the facts in the light most favorable to the non-moving party." *Chapman v. UAW*, 670 F.3d 677, 680 (6th Cir. 2012) (citing *White v. Detroit Edison Co.*, 472 F.3d 420, 424 (6th Cir. 2006)). Summary judgment is only appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To this effect, the central issue before the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

## III.

### A.

The central issue on appeal is whether the district court erred in granting summary judgment in favor of Defendants on the basis of federal preemption when Defendants did not produce *any* evidence to support a conclusion that preemption applied. A grant of summary judgment requires the district court to find that the movant met its burden of proving that there are no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Likewise, the defendant bears the burden of proof as to whether it is entitled to the benefit of an affirmative defense. *See Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Federal preemption is an affirmative defense that requires the defendant on a motion for summary judgment to produce sufficient evidence, considered in the light most favorable to the nonmovant, to prove that there is no genuine issue of material fact as to whether federal preemption applies. *Brown v. Earthboard Sports USA, Inc.*, 481 F.3d 901, 913 (6th Cir. 2007). Only after, and not before, the initial burden of proof is discharged does the burden shift to the plaintiff to show that summary judgment on an affirmative defense should be denied. *Campbell v. Grand Trunk W. R.R. Co.*, 238 F.3d 772, 775 (6th Cir. 2001). The burden of proof will not shift to the plaintiff on an affirmative defense absent the defendant first discharging the initial burden. *See Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 160 (1970).

Implicit in the district court's mandate to determine whether the movant has shown that there are no genuine disputes of material fact and that the movant is entitled to judgment as a matter of law, is the duty to review the parties' submitted evidence. Even when faced with an unopposed

motion for summary judgment, the district court cannot grant a motion for summary judgment without first considering supporting evidence and determining whether the movant has met its burden. *Delphi Auto. Sys., LLC v. United Plastics, Inc.*, 418 Fed. Appx. 374, 380–81 (6th Cir. 2011) ("a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden.") (quoting *Carver v. Bunch*, 946 F.2d 451, 454–55 (6th Cir. 1991)); *Vt. Teddy Bear Co. v. 1-800 BEARGRAM Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (noting that the district court may not grant an unopposed motion for summary judgment without first examining the movant's submissions to ascertain whether the movant discharged its burden); *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave.*, 363 F.3d 1099, 1101–02 (11th Cir. 2004) (explaining that the district court cannot grant an unopposed motion for summary judgment without first "review[ing] all of the evidentiary materials submitted in support of the motion for summary judgment.").

Although Defendants cited to the Kirkland Affidavit, a review of the record shows that the Affidavit—the only evidence cited in support of Defendants' preemption defense—is absent, leaving only Defendants' bald assertion that preemption applied. Plaintiffs' response to Defendants' preemption argument was not a concession that preemption was dispositive of their claims, but rather an acknowledgment that *if* Defendants were able to satisfy their initial burden, preemption would bar their inadequate warning claim. This acknowledgment, however, did not relieve the district court of the independent duty to examine the supporting evidence cited and to determine

whether Defendants had discharged their initial burden on the basis of that supporting evidence.

Defendants admit that they "inadvertently failed to file the affidavit on the docket" and provide nothing by way of explanation. Notwithstanding their admitted failure to support their preemption claim below, Defendants contend that Plaintiffs' argument is waived on appeal because they did not object or bring the omission to the district court's attention. It is well established that a party waives an argument on appeal when the party fails to raise the issue before the district court. *Guyan Int'l, Inc. v. Prof'l Benefits Adm'rs, Inc.*, 689 F.3d 793, 799 (6th Cir. 2012). It is the function of this Court to review the case that was before the district court and not "a better case fashioned after an unfavorable order." *Id.* (citing *Armstrong v. City of Melvindale*, 432 F.3d 695, 699–00 (6th Cir. 2006)).

But simply put, because the Affidavit was missing, there were no facts to support preemption and the Defendants were not entitled to judgment as a matter of law.

**B.**

Defendants ask for leave to supplement the record with the missing Affidavit and then affirm the district court's decision on the merits. Federal Rule of Appellate Procedure 10(e) allows this Court to supplement the record on appeal if there is any omission or misstatement in the record "by error or accident." "[T]he purpose of the rule is to allow the [] court to correct omissions from or misstatements to the record for appeal, not to introduce new evidence in the court of appeals." *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1012 (6th Cir. 2003) (quoting *S & E Shipping Corp. v. Chesapeake & O. Ry. Co.*, 678 F.2d 636, 641 (6th Cir. 1982)). This Court

has "not allowed the rule to be used to add new evidence that substantially alters the record after notice of appeal has been filed; rather [the Court has] allowed enough modification to ensure the accuracy of the record." *United States v. Barrow*, 118 F.3d 482, 487–88 (6th Cir. 1997).

The missing Affidavit was the sole piece of evidence in support of Defendants' federal preemption defense. The Affidavit was not provided to the district court or Plaintiffs so it does not follow that its "inclusion . . . [would] reflect[] what actually occurred in the district court . . . ." *Townsend v. Columbia Operations*, 667 F.2d 844, 849 (9th Cir. 1982). Defendants argue that supplementation is appropriate under Rule 10(e) because the parties relied on the Affidavit and considered it part of the record. The cases that Defendants cite do not support this conclusion because the parties either both relied on the missing document or cited portions of the document in their papers. *See Ross v. Kemp*, 785 F.2d 1467, 1471–71 (11th Cir. 1986); *Clay v. Equifax, Inc.*, 762 F.2d 952, 955 n.2 (11th Cir. 1985); *see also Townsend*, 667 F.2d at 849 (noting that the omitted documents "were physically in the courtroom at the argument, were referred to and relied on by both sides in that argument, and were the basis of the opinion dictated by the court at the end of the argument"). In sum, there was reason to believe that the district court reviewed the evidence and based its decision on that evidence. Here, only Defendants relied on the Affidavit.

Defendants have not provided any explanation for their failure to file the Affidavit. Furthermore, we note several factual issues on the face of the Affidavit: missing paragraphs, pages, and exhibits. Further complicating this issue, Defendants have offered more than one version of the Affidavit, leaving the Court to guess what Affidavit should have been before the district court. "The negligence of [Defendants'] counsel or [their] staff in failing to file the omitted material with the

district court is not a special circumstance supporting the supplementation of the record." *Davis v. City of Clarksville*, 2011 U.S. App. LEXIS 26534, 2 (6th Cir. Oct. 26, 2011). Defendants' request to supplement the record under Rule 10(e) is denied.

Defendants further urge the Court to consider supplementing the record based on the Court's inherent authority or equitable power. In *United States v. Murdock*, this Court listed four factors to consider when determining whether to exercise this authority: (1) "whether proper resolution of the case was beyond any dispute," (2) whether it is "inefficient to remand the matter back to the district court," (3) "whether the opposing party had notice" of the omitted or misstated evidence, and (4) whether the matter is before the court on a habeas claim. 398 F.3d 491, 500 (6th Cir. 2005); *see also Sigler v. Am. Honda Motor Co.,* 532 F.3d 469, 477 (6th Cir. 2008). The primary issue is "whether acceptance of the proffered material into the record would establish beyond any doubt the proper resolution of the pending issues." *Inland Bulk*, 332 F.3d at 1013 (citing *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1330 (11th Cir. 2000)); *see also Davis*, 2011 U.S. App. LEXIS 26534 at 2; *United States v. Husein*, 478 F.3d 318, 336 (6th Cir. 2007).

Initially, we note that Defendants have presented no reasonable explanation for their failure to file the Kirkland Affidavit. Under these circumstances, defendants are not entitled to equitable relief. We are not convinced that the offered material would establish the issue of preemption beyond any doubt. The first Affidavit was "inadvertently" not filed. Defendants attached a version of the missing Affidavit and several exhibits to their Motion to Supplement. However, Exhibits D, E, and F to the Affidavit are missing. Defendants provide a second version of the Affidavit as an attachment to their reply to the motion to supplement. The second version now includes Exhibits

8

D, E, and F. Defendants explain that Exhibits D, E, and F were "inadvertently not scanned." Defendants further note that the correct Affidavit, including Exhibits D, E, and F, was provided to Plaintiffs during the mediation process. In support of this proposition, Defendants attach an August 2012 email communication between counsel. However, in the email, counsel for Plaintiffs notified Defendants that "Exhibits D, E, and F . . . [were] incorrect. They [did] not match the affidavit cited exhibits D, E, and F that Susan Kirkland signed in this case." Plaintiffs do not mention that any exhibits were "missing." Defendants have now offered three different versions of the Affidavit: one version with Exhibits D, E, and F; one version offered during mediation with different versions of Exhibits D, E, and F; and another version without Exhibits D, E, and F. The controversy surrounding the Affidavit is saturated with factual issues. In addition, Defendants have used the excuse of "inadvertence" to the degree that their actions appear to be anything but inadvertent. It is the district court's choice whether to wade through this confusion. *Hooks v. Hooks*, 771 F.2d 935, 946 (6th Cir. 1985) ("it is within the discretion of the district courts whether to consider affidavits submitted in an untimely fashion").

## C.

Plaintiffs argue that the Court should strike Defendants' reply to the motion to supplement the record and issue sanctions against Defendants for disclosing an email that was made during the context of a Rule 33 mediation conference. Plaintiffs assert that, given the confidential nature of the mediation process, Defendants have placed them in a position where Plaintiffs cannot adequately defend themselves without violating confidentiality. Sixth Circuit Rule 33(b)(4)(D) provides:"[c]ommunications in mediation conferences or in connection with the mediation process

are confidential. They may not be disclosed or otherwise used by any mediation participant, except as agreed in advance by all participants." We have previously recognized that the mediation process:

> serves as a mechanism by which litigants and their counsel can speak candidly in an effort to explore the possibility of settlement. It is mandatory to the mediation process that all matters discussed at these conferences remain confidential. The confidentiality rule assures participants that whatever they disclose during these proceedings will not be used against them. If counsel cannot rely on this confidentiality then the settlement process would prove fruitless.

*Tinker v. Sears, Roebuck & Co.*, 1998 U.S. App. LEXIS 1913, 1–2 (6th Cir. Jan. 21, 1998).

Defendants admit that the email was provided in connection with the mediation process. Defendants offered the communication to rebut Plaintiffs' argument that they did not have notice of the content of the Affidavit. In order to meaningfully respond to Defendants' assertion, Plaintiffs would have to further disclose the nature of mediation communications. This would violate the primary purpose of Rule 33—to allow the parties to speak freely without fear that their communications will be used against them. Defendants have done exactly what Rule 33 seeks to prevent: used Plaintiffs' communications as a sword against them. We find that striking Defendants' reply is an appropriate remedy. We otherwise deny Plaintiffs' motion for sanctions.

## IV.

For the reasons set forth above, the district court's decision is **REVERSED** and this matter **REMANDED** for consideration of the issue of federal preemption.